IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | )   CRIMINAL ACTION 09-00076-KD |
| | ) |
| WILLIAM R. JEWETT, JR., | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court on the defendant's motion to reconsider the denial of the dismissal of the indictment and in the alternative, request for the suppression of evidence (doc. 32).[1]  Upon consideration and for the reasons set forth herein, defendant's motion to reconsider the denial his motion to dismiss the indictment is **DENIED.**

"Although no statute or rule expressly provides for the filing of a motion for reconsideration in criminal cases, federal district courts necessarily have substantial discretion in ruling on motions for reconsideration. The appropriate grounds for granting reconsideration include: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." United States v. Mason, 2008 WL 1882255, 1 (M.D.Fla. April 24, 2008) (internal quotations and citations omitted).

Defendant does not argue that there has been an intervening change in controlling law or that new evidence is available.  Thus, the Court presumes that defendant is moving for reconsideration based on "the need to correct clear error or manifest injustice."  However, defendant's motion does not identify the error or manifest injustice.  Rather, defendant simply reasserts his previous arguments. Accordingly, the motion to reconsider is **DENIED.**

**DONE** and **ORDERED** this the 24th day of August, 2009.

                                         s / Kristi K. DuBose
                                         **KRISTI K. DuBOSE**
                                         **UNITED STATES DISTRICT JUDGE**

---

[1] Defendant's alternative motion to suppress will be addressed by separate order.